**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael VILLAREAL, a.k.a. Rafi,**
**Defendant–Appellant.**

**No. 11–50535.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2013.*

Filed April 23, 2013.

E. Martin Estrada, Assistant U.S., Curtis A. Kin, Esquire, Assistant U.S., Michael Jay Stern, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jerald Lee Brainin, Esquire, Los Angeles, CA, for Defendant–Appellant.

Rafael Villareal, Adelanto, CA, pro se.

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument.

MEMORANDUM **

Rafael Villareal appeals from the district court's judgment and challenges the 145–month sentence imposed following his guilty-plea conviction for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Villareal's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Villareal the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Villareal waived his right to appeal his sentence, with the exception of some of the conditions of supervised release. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable grounds for relief as to any of the conditions of supervised release that are outside the scope of the appeal waiver. We therefore affirm those conditions. We dismiss the remainder of the appeal in light of the valid appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir.2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.